# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LAMARIO STOKES,<br><br>Plaintiff,<br>vs.<br><br>JANA HACKER and KAREN ANDERSON,<br><br>Defendants. | No. C15-3095-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

_____

## *I. INTRODUCTION AND BACKGROUND*

This case is before me on United States Magistrate Judge Leonard T. Strand's Report and Recommendation concerning defendants Jana Hacker and Karen Anderson's Motion for Summary Judgment (docket no. 22). In his Report and Recommendation, Judge Strand recommends granting defendants' motion and dismissing this case. Objections to the Report and Recommendation were due within fourteen days of the service of a copy of Judge Strand's Report and Recommendation, that is, on or before December 7, 2015. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). No party filed a timely request for an extension of the deadline for objections, and no party filed any timely objections.

On July 13, 2015, plaintiff Lamario Stokes filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. In his complaint, Stokes, an inmate at the Fort Dodge Correctional Facility ("FDCF"), Fort Dodge, Iowa, claims that defendants Jana Hacker and Karen Anderson ("defendants") violated his Eighth Amendment right to be free from cruel and

unusual punishment. Specifically, Stokes alleges that defendants are deliberately indifferent to his serious medical needs regarding the treatment of his psoriasis. This case was referred to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendants moved for summary judgment. Defendants argue that Stokes's claims are barred by 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies. Stokes did not resist defendants' Motion for Summary Judgment. Judge Strand issued a Report and Recommendation in which he recommended granting defendants' Motion for Summary Judgment. Judge Strand found that Stokes's claims were barred, under § 1997e(a), because he had failed to exhaust his administrative remedies.

## II. LEGAL ANAYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further

2

> review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed, and it appears to me, upon review of Judge Strand's findings and conclusions, that there is no ground to reject or modify them. Therefore, I accept Judge Strand's Report and Recommendation on defendants' Motion for Summary Judgment.

### III. CONCLUSION

I accept Judge Strand's Report and Recommendation and, therefore, grant defendants' Motion For Summary Judgment. Judgment shall enter accordingly.

**IT IS SO ORDERED**.

**DATED** this 8th day of December, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA